UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:10-cr-7-DLB-EBA-7

UNITED STATES OF AMERICA,                                               PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S
                           REPORT AND RECOMMENDATION**

GEORGE RIC CLAIR,                                                       DEFENDANT.

\* \* \* \* \* \* \*

This matter came before the undersigned for the Defendant George Ric Clair's Final Supervised Release Revocation Hearing on December 11, 2015, at the Federal Courthouse in Ashland, Kentucky. The revocation hearing was based upon two alleged violations of Defendant's terms of supervised release failures to make restitution payments, as detailed in the violation report dated November 3, 2015. The Defendant was present and represented by appointed counsel, Michael B. Fox, and the United States was represented by Laura K. Voorhees. Defendant stipulated and pled guilty to the charges regarding the alleged supervision violations. The parties were unable to reach a joint recommendation; the government recommended a sentence of four months imprisonment followed by thirty months of supervision. Defense recommended that Defendant be permitted to avoid a term of imprisonment in exchange for an increased monthly installment plan of $75.00 per month until he is caught up on restitution payments.

For the reasons that follow, the undersigned finds the Defendant guilty of the violations outlined in the reports, and recommends that the Court impose a sentence of four (4) months

1

incarceration, with twelve (12) months of supervised release to follow. The undersigned further recommends that, in approximately ten (10) months from the filing date of this report, the Defendant be ordered to appear for a status conference on October 20, 2016, 11:00 A.M., at the Federal Courthouse in Ashland, Kentucky, so that the Court may reevaluate Defendant's compliance with the terms of supervision at that time.

## FINDINGS OF FACT

Defendant stipulated that all facts contained within the violation report of November 3, 2015, were true. As a result of Defendant's admitted conduct and stipulations, the Court finds by a preponderance of the evidence that he has violated the following conditions of supervised release:

FROM THE VIOLATION REPORT OF NOVEMBER 3, 2015:

| | |
|---|---|
| Violation 1 | Special Condition #10: Restitution in the amount of $64,947.53 is owed to the victims in this matter and is due immediately. This amount is to be paid jointly and severally with co-defendants in this case. The defendant shall pay quarterly installments of $25.00, unless employed through UNICOR Prison Industries, then the quarterly installment payments shall be $60.00. Any outstanding balance owed shall be paid in minimum monthly installments of $50.00, which are payable to the United States District Court Clerk's Office for the Eastern District of Kentucky. The Court further agrees to waive the interest. (Grade C Violation). |

Defendant was ordered to pay restitution jointly and severally with his co-defendants in the amount of $64,947.53, and was specifically ordered to pay $50.00 per month towards his obligation. By failing to make any payments towards this obligation during his term of supervision which began on December 27, 2014, Defendant violated this condition.

| | |
|---|---|
| Violation 2 | Standard Condition #3: The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the |

probation officer.  (Grade C Violation).

Following his failures to pay the ordered monthly installments, Defendant was reminded five times – on March 27, May 6, June 9, August 12, and again on September 30 of 2015 – that he must pay his restitution obligation.  On August 12, 2015, his probation officer informed Defendant that the officer is required to notify the Court of Defendant's compliance or non-compliance.  Defendant's probation officer then reminded him of this fact on September 30, 2015, and strongly encouraged him to make a significant payment no later than November 2, 2015.  However, during an office meeting with his probation officer on November 2, 2015, Defendant admitted he still had not made any payments towards his obligation.  By failing to follow the instructions of his probation officer, Defendant violated this condition.

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I)     The History and Characteristics of the Defendant, and the nature and circumstances of the offense.**  On April 8, 2010, Defendant was indicted with one count of Conspiring to Manufacture, Utter and Possess Counterfeit Checks in violation of 18 U.S.C. § 371, and sixty-four additional counts of Aiding and Abetting to Make/Utter/Possess Counterfeit Checks in violation of 18 U.S.C. § 513(a) and § 2.  On January 10, 2011, Defendant was sentenced to eighteen (18) months imprisonment, followed by three (3) years of supervised release, after pleading guilty to the conspiracy charge in Count One (the remaining counts were dismissed on the government's motion).  He was also ordered to pay a $100 special assessment and $64,947.53 in restitution, to be paid jointly and severally with his co-defendants.  Following

a period of incarceration, Defendant was released to supervision on July 19, 2012, subject to standard and special conditions of supervision.

On January 24, 2013, Defendant violated these conditions by testing positive for Hydromorphone, Oxymorphone and Oxycodone following a urine test, [R. 212], but was permitted to remain on supervised release subject to increased drug testing. On July 21, 2014, Defendant's conditions of release were modified upon request of the U.S. Probation Office, on grounds that Defendant was rarely at his residence and proved consistently hard to locate. [R. 244]. The Court granted the requested modification of his conditions, and Defendant was placed on home confinement with location monitoring for a period of four (4) months. [Id.]. On November 26, 2014, Defendant's supervised release was revoked for failure to pay restitution and for alcohol use. As a result, he was sentenced to two (2) months imprisonment and twelve (12) months supervised release. Following his release, Defendant began his second term of supervision on December 27, 2014, through the Probation Office in Ashland, Kentucky.

Following the November 3, 2015 supervised release violation report outlining the alleged nonpayment violations, Defendant came before the Court for yet another revocation hearing; his initial appearance was held on November 30, 2015, and his final revocation hearing was held on December 11, 2015 before the undersigned. Defendant admitted and stipulated to the nonpayment violations at the final hearing. In requesting that the Defendant's term of supervision not be revoked, defense counsel explained that at the time of the violations, Defendant had a monthly income of $917.00 per month. After subtracting $300.00 for rent, and additional money for food, transportation, and medical treatments, Defendant had little money left, and what he did have he was compelled to give to his daughter who Defendant contends is

4

in dire circumstances. Moreover, defense explained that, were Defendant to be permitted to continue on supervision, his gross income will significantly increase in approximately two weeks due to receiving HUD housing benefits which will lower his rent, and also due to a possibly back pay benefit through his VA disability benefits. Defense requested that Defendant be permitted to remain on supervision but be ordered to pay an increased rate of $75.00 per month until he is current on his payments, adding that Defendant has not submitted a single positive drug test despite a fairly significant drug and alcohol dependency in the past.

In response, the government reiterated that this is Defendant's second supervision violation in the last two years. He has been repeatedly reminded and warned of the consequences of his non-payments, yet he never made a single payment nor requested to meet with his probation officer to possibly figure out a more manageable payment plan. On the contrary, Defendant was consistently hard to get ahold of, and at times would take three to four days before returning his probation officer's phone calls. He also never notified his probation officer of a recent change in residence as was required, and never really took his payment obligations seriously. Defendant simply seemed to think no consequences would arise from his failures to pay restitution. Regarding his daughter's dire circumstances, the government assured the Court she is perfectly healthy, with two children, and currently unemployed, and emphasized that the Defendant needs to better prioritize his restitution obligations.

**(II) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** The Defendant has a criminal history category of III. In making a recommendation

in this matter, the Court is cognizant of the fact that Defendant has violated the terms of release on more than one occasion, despite being given multiple opportunities to make payments and avoid committing further violations.

Moreover, as reflected by the net worth and monthly cash flow statements provided to the Court, Defendant not only had ample opportunities but also sufficient income to make the required monthly $50.00 restitution payments. As of April 2015, his monthly cash flow statement indicated a gross monthly inflow of $917.13 received through V.A. disability, and an estimated monthly outflow of $750.00 for rent, groceries, transport, and phone services. As of November 2015, Defendant reported the same inflow of $917.13, while his outflow had decreased by $100.00 due to lower rent payments, making his total outflow $650.00. These numbers indicate that Defendant had excess funds from which to pay his monthly $50.00 restitution installments, and still have money left over, but he simply chose not to do so.

Had the Defendant demonstrated any modicum of effort to satisfy his restitution obligations, the Court would perhaps be more persuaded by the defense counsel's empathetic arguments Considering all of the above information, the Court believes that the recommendation of four (4) months' incarceration followed by twelve (12) months supervision represents a fair and just outcome of Defendant's violations in this action. The recommended sentence is severe enough to deter his future violations and reinforce respect for the law and the Court's orders.

**(III) The sentencing guideline recommendation for imprisonment and statutory limitations.** Pursuant to U.S.S.G. § 7B1.1, Defendant's most serious violation is a Grade C violation. His Grade C violation, combined with his Criminal History Category of III, results in a guideline imprisonment range of five (5) to eleven (11) months pursuant to U.S.S.G. §

7B1.4(a). The maximum statutory term of imprisonment which can be imposed upon revocation is not more than two (2) years, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to 18 U.S.C. § 3583(h), and the previous term of incarceration imposed upon the prior revocation of Defendant's supervised release, the maximum term of supervised release that can be reimposed is two (2) years and ten (10) months.

## RECOMMENDATION

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and continuing criminal conduct, the serious nature of the instant violations, and the parties' recommendations regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed the violations listed above, based upon his testimony, and stipulation;

(2) That the Defendant's supervised release be REVOKED, and he be sentenced without delay to four (4) months incarceration, with a term of twelve (12) months supervised release to follow; and

IT IS ORDERED that the Defendant shall appear for a STATUS CONFERENCE on October 20, 2016, 11:00 A.M., at the Federal Courthouse in Ashland, Kentucky, for a status conference to address his compliance with the terms of supervision.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc.,

236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed December 22, 2015.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge